IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS J. MOUNTEER,<br><br>      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>      Defendant. | **ORDER ADOPTING REPORT AND<br>RECOMMENDATION**<br><br><br>Case No.  2:13-cv-00754-CW-DBP<br><br>Judge Clark Waddoups |

This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Dkt. No. 4.) On June 25, 2014, Judge Pead issued a Report and Recommendation recommending that the court affirm in part the Commissioner's decision that Plaintiff does not qualify for Disability Insurance Benefits under Title II of the Social Security Act, reverse it in part, and to remand to the Administrative Law Judge ("ALJ") for further proceedings. (Dkt. No. 21.) Defendant filed a Response (Dkt. No. 22), requesting the court not to adopt the Report and Recommendation in its entirety but instead to affirm the Commissioner's decision in full. Plaintiff failed a Reply (Dkt. No. 25) urging the court to adopt the Report and Recommendation in its entirety, thereby remanding to the ALJ.

Judge Pead recommended remand based on the ALJ's legally erroneous weighting and consideration of the treating physician's opinion. (Rep. & Rec. 8-11 [Dkt. No. 21].) The ALJ assigned the opinion "little weight because he had not been directly involved in [Plaintiff's] care for almost one year when he issued his January 2010 opinion." (*Id.* at 9, internal quotation marks

and citations omitted.) Judge Pead found, however, and the court agrees, that the ALJ did not perform the required two step inquiry required when evaluating a treating physician's opinion. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). In fact, Judge Pead found that he could not meaningfully review the ALJ's decision not to assign the opinion controlling weight because the ALJ failed to discuss the SSR 96-2p factors, which he was required to do in considering this case. Both *Krauser* and *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) establish this as a necessary part of the analysis.

It is true that, as the Commissioner argues, the ALJ implicitly did not give the opinion controlling weight because he assigned it "little weight." (Rep. & Rec. 9 [Dkt. No. 21]; Def.'s Resp. 2-3 [Dkt. No. 22].) But the Commissioner's citation to *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) on this point does not resolve the issue because, as Plaintiff notes, "Judge Pead recommended reversal based on the ALJ's failure to discuss the SSR 96-2p factors, not based on the ALJ's failure to explicitly state whether or not he was giving Dr. Winterton's opinion controlling weight," as in *Mays*. (Pl.'s Reply 3 [Dkt. No. 25].)

Accordingly, and upon a *de novo* review of the Judge Pead's findings, the court APPROVES AND ADOPTS Judge Pead's Report and Recommendation (Dkt. No. 21) in its entirety, affirming the Commissioner's decision in part, reversing it in part, and remanding for further proceedings. As Judge Pead recommended, "[o]n remand, the ALJ should consider the SSR 96-2p factors as well as the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927 when he determines the weight to assign Winterton's opinion. On remand, the ALJ should also consider Winterton's updated treatment note that the Appeals Council accepted into the record." (Rep. & Rec. 15 [Dkt. No. 21].)

SO ORDERED this 16th day of March, 2015.

BY THE COURT:

Clark Waddoups
United States District Judge